1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **NORTHERN DISTRICT OF CALIFORNIA**

6

7 SHIRLEY CONWAY,                                    CASE NO. 18-cv-06407-YGR

8             Plaintiff,

9       vs.                                          ORDER DENYING MOTION TO VACATE
                                                     SUMMARY JUDGMENT RULINGS AND
10 NORTHFIELD INSURANCE COMPANY,                     DISMISS ACTION WITH PREJUDICE

11             Defendant.                            Re: Dkt. No. 35

12          The Court is in receipt of plaintiff Shirley Conway and defendant Northfield Insurance

13 Company's stipulated motion to vacate the Court's summary judgment rulings (Dkt. No. 31) and

14 dismiss the action with prejudice pursuant to a settlement between the parties. (Dkt. No. 35

15 ("Motion").) In their motion, the parties seek vacatur, pursuant to Federal Rule of Civil Procedure

16 54(b), of the Court's July 16, 2019 "Order Granting Conway's Motion for Partial Summary

17 Judgment; Denying Northfield's Cross-Motion for Summary Judgment" (Dkt. No. 31), noting that

18 their agreement to jointly move for vacatur was "a significant factor in successfully resolving

19 Conway's pending claims against Northfield." (Motion at 2.)

20          The Court finds that equitable considerations do not warrant vacatur in this case. *See John*

21 *Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 91 (1922) (noting that interlocutory orders may be

22 revised when it is "consonant with equity" to do so); *American Games, Inc. v. Trade Products,*

23 *Inc.,* 142 F.3d 1164, 1168 (9th Cir. 1998) (district court may vacate a judgment upon

24 consideration of "the consequences and attendant hardships of dismissal or refusal to dismiss" and

25 "the competing values of finality of judgment and right to re-litigation of unreviewed disputes")

26 (citing *Dilley v. Gunn,* 64 F.3d 1365, 1370-71 (9th Cir. 1995)). While the Court recognizes that

27 judicial policy generally favors settlement, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 939

28 (9th Cir. 2007), here, that interest is outweighed by the Court's concerns over vacating a summary

judgment order that addressed developing areas of law and may be useful to the public.

*See Bandcorp Mgmt. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.") (citation omitted); *Gardner v. CafePress Inc.*, No. 3:13-CV-1108-GPC-JLB, 2015 WL 13427727, at *3 (S.D. Cal. Jan. 9, 2015) ("[T]he systemic implications of granting pre-judgment settlement-contingent vacatur present serious concerns for 'the orderly operation of the federal judicial system[.]'") (quoting *Bonner*, 513 U.S. at 27).[1]  Further, the Court is not inclined to set a precedent that would invite litigants "to bring a case, lose in the district court, settle with the winning party, and thereby have the trial court judgment vacated automatically so as to the clear the path for another 'test case' raising the same issues." *Blair v. Shanahan*, 38 F.3d 1514, 1521 (9th Cir. 1994).

Accordingly, the parties' motion is **DENIED** with respect to their request to vacate the Courts' summary judgment rulings.  Because it is not clear whether settlement is contingent on the Court vacating its summary judgment rulings, the parties are hereby **ORDERED** to submit a joint statement providing the Court with an update on the status of the litigation no later than **August 23, 2019**.  If the parties intend to continue litigating this dispute, said statement should contain a proposal as to how to proceed on any unresolved issues in this case.

Further, a compliance hearing shall be held on the Court's **1:59 p.m.** calendar on **Tuesday, August 27, 2019**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. If the parties' statement is timely filed, the parties need not appear, and the compliance hearing will be taken off calendar.

**IT IS SO ORDERED.**

Dated: August 12, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1]  Although *Bonner* concerned post-judgment vacatur under Rule 60(b), which generally is subject to a higher standard than pre-judgment vacatur under Rule 54(b), Supreme Court precedent in this related context is instructive.

2